## TIMOTHY B. GRANT *versus* BENJAMIN T. GRANT.

The defendant loaned a sum of money and received for security thereof a warranty deed of land from the borrower, who being called upon for repayment, negotiated a loan of the plaintiff, and agreed to give him the same security. All the parties met, and thereupon the plaintiff furnished the money with which to pay the defendant, and presented him with, and requested him to sign a deed of warranty from the defendant to the plaintiff, and thus save the expense of two deeds, assuring him that that was "the correct way to do business," and that the bond for re-conveyance, executed by the plaintiff to the borrower, "would clear the defendant from anything." In an action of covenant broken : — *Held*, that the defendant's deed was not obtained by frudulent representation.

ON MOTION, to set aside a verdict for the defendant, as being against law and the weight of evidence, filed by the plaintiff.

The facts sufficiently appear in the opinion.

*N. H. Hubbard*, for the plaintiff.

*F. S. Nickerson*, for the defendant, cited *Hazard* v. *Irwin*, 18 Pick., 109 ; 2 Kent's Com., 482 ; *Beach* v. *Sheldon*, 14 Barb., (N. Y.,) 66 ; *Somes* v. *Skinner*, 16 Mass., 358 ; Chitty on Con., 587.

APPLETON, C. J. — This is an action of covenant broken. It appeared in evidence that the defendant had loaned one Berry the sum of two hundred dollars, and had taken from

him a warranty deed of the farm on which he lived, as se-
curity for the money loaned. He afterwards applied to
Berry for re-payment, who negotiated a loan of the plaintiff
and agreed that the premises conveyed by him to the de-
fendant should be deeded to the plaintiff as security for its
re-payment.

It is manifest, from the testimony of both parties, that
they supposed that Berry's title to the land he had conveyed
was good, and that they both acted upon that supposition.

As the title to the land was in the defendant, the question
arose whether he should convey the same to Berry, to be by
him transferred to the plaintiff, or should deed directly to
the plaintiff. The defendant testifies that, when the writings
were "fixed up, T. B. Grant called me into the counting-
room, and says to me, in room of using two deeds I have
only written one. * * It will save the expense of doing
the writings, and I wrote one right from you to me. Says
I, is that the correct way, uncle Tom, to do business. Says
he, that is correct. Here is a writing that runs between Joel
F. Berry and me, that will clear you. * * My uncle told
me I was clear from anything."

It was claimed that the signature of the defendant to the
deed was fraudulently obtained from him by reason of the
above remarks. The defendant would not originally have
loaned the money unless he had regarded the security upon
which it was made, as good. Nothing indicates that either
party was aware of any defect in Berry's title, but the reverse.
The suggestion that the defendant should deed directly to
the plaintiff was a natural one. Indeed, it was what any
one would have done under the circumstances, and it is not
a fraudulent misrepresentation, which should avoid the deed.
It was merely the defendant's opinion as to the best way of
closing the transaction.

. It is in proof that the plaintiff, at the time he received his
deed of the defendant, gave Berry a bond to convey the
premises deeded him upon re-payment of the amount
loaned, which Berry accepted. The defendant ceased there-

by to be under any obligation to Berry. The statement, therefore, was entirely correct.

This is the case as shown by the defendant, and it is entirely devoid of fraud on the part of the plaintiff.

If the plaintiff's testimony is true, the deed was read to the defendant and compared by him with his deed from Berry. He signed it, in that case, with a full knowledge of its terms and he cannot avoid it because he did not know the difference between a deed of warrantry and of quitclaim.

A title by deed would be of little value if it could be avoided by evidence such as was offered in the case at bar.

*Motion sustained. Verdict set aside.*
*New trial granted.*

CUTTING, KENT, WALTON and DANFORTH, JJ., concurred.